IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Stillwater Designs and Audio, Inc., | : | |
| | : | Civil Action 25-cv- |
| Plaintiff, | : | |
| | : | ***Jury Trial Demanded*** |
| — *against* — | : | |
| | : | |
| Everest Online LLC, | : | |
| | : | |
| Defendants. | : | |

***Complaint for Injunctive Relief and Damages***

Plaintiff, Stillwater Designs and Audio, Inc., which does business as "Kicker" ("Kicker"), files this complaint against defendant, Everest Online LLC ("Everest"), which does business as "Best Tech Discount," based on Everest's conduct described below.

***Nature of the Action***

1. Kicker seeks injunctive relief and monetary damages for Everest's trademark counterfeiting and infringement under 15 U.S.C. § 1114 and Everest's false advertising and false designation of origin under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, arising from Everest's wrongful and infringing promotion and sale of Kicker products ("Kicker Products") through online commerce sites including, but not limited to, Walmart.com.

2. Everest's conduct has produced and, unless enjoined by this Court, will continue to produce a likelihood of consumer confusion and deception, to the

irreparable injury of Kicker. As a result of Everest's actions, Kicker is suffering a loss of the goodwill that Kicker has created in its trademarks and is losing profits from lost sales of products.

3. This action seeks permanent injunctive relief and damages for Everest's infringement of Kicker's intellectual property rights.

## *Jurisdiction and Venue*

4. This Court has jurisdiction over the subject matter of this complaint pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1331, § 1338(a) and (b), as these claims arise under the Trademark Laws of the United States.

5. This Court has personal jurisdiction over Everest as Everest (a) is a Delaware limited liability company and (b) has misrepresented the nature of products in the State of Delaware and this District; caused injury to Kicker's trademarks in the State of Delaware and this District; practices the unlawful conduct complained of herein, in part, within the State of Delaware and this District; and regularly and systematically directs electronic activity into the State of Delaware and this District with the manifest intent of engaging in business within the State of Delaware and this District, including the sale, and offer for sale, of products to internet users within the State of Delaware and this District.

6.  Venue is proper in the United States District Court for the District of Delaware pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this claim occurred in this District.

## *Parties*

7.  Plaintiff, Stillwater Designs and Audio, Inc., is an Oklahoma corporation with its principal place of business in Stillwater, Oklahoma. Kicker designs, manufactures, and sells a variety of audio products, including speakers, amplifiers, and headphones. Kicker sells products through authorized distributors and dealers.

8.  Defendant, Everest Online LLC, is a Delaware limited liability company located in Wilmington, Delaware. Everest Online LLC is connected to a Walmart Seller Account named "Best Tech Discount." Everest sells its wares, including Kicker Products, to customers throughout the United States including, but not limited to, customers in this District.

## *Facts*

### *Kicker's Trademark Usage*

9.  The United States Patent and Trademark Office has issued several registrations for marks used with audio products and accessories (hereinafter, the "Kicker Marks"). The Kicker Marks include, but are not limited to:

| Mark | Reg. Date | Reg. No. | Class/Goods |
|---|---|---|---|
| KICKER | October 27, 1987 | 1,462,647 | Stereo Speakers. |
| KICKER (logo) | April 11, 1995 | 1,888,305 | Speakers. |
| K (logo) | July 25, 1995 | 1,907,120 | Stereo speakers. |
| STILLWATER DESIGNS | December 8, 1987 | 1,468,124 | Audio equipment, namely stereo speaker systems for home and car and parts thereof. |

10. The Kicker Marks have been in continuous use since at least their respective dates of registration.

11. Kicker advertises, distributes, and sells its products to consumers under the Kicker Marks.

12. Kicker has also acquired common law rights in the use of the Kicker Marks throughout the United States.

13. The federal trademark registrations for the Kicker Marks were duly and legally issued, are valid and subsisting, and constitute *prima facie* evidence of the validity of the Kicker Marks.

14. Kicker has invested a substantial amount of money and has expended significant time and effort in advertising, promoting, and developing the Kicker Marks throughout the United States and the world. As a result of such advertising

and promotion, Kicker has established substantial goodwill and widespread recognition in the Kicker Marks, and the Marks have become associated exclusively with Kicker and its products by both customers and potential customers, as well as the general public at large.

15. To create and maintain such goodwill among its customers, Kicker has taken substantial steps to ensure that products bearing the Kicker Marks are of the highest quality. As a result, the Kicker Marks have become widely known and are recognized throughout the United States and the world as symbols of high-quality products.

16. As a result of, among other things, the care and skill exercised by Kicker in the conduct of its business, the high quality of the goods sold under the Kicker Marks, and the extensive advertising, sale, and promotion by Kicker of its products, the Kicker Marks have acquired secondary meaning in the United States and the world, including this District.

17. Kicker is not affiliated with Everest, and Everest is not authorized to use the Kicker Marks.

***Everest's Infringing and Improper Conduct***

18. Everest has sold products bearing the Kicker Marks on several online retail platforms, including, but not limited to, Walmart.com.

19. Kicker has never authorized or otherwise granted Everest permission to sell Kicker Products.

20. Everest represents that the Kicker Products it has offered for sale on Walmart.com are "new" despite the fact that they are used, closed out, liquidated, counterfeit, or non-genuine product of unknown origin.

21. Because Everest purchases Kicker Products from return and liquidation stock, it is unaware of the condition or the prior chain of custody of the Kicker products it sells. All Kicker products sold by Everest, therefore, are non-genuine products.

22. Everest's advertisement of Kicker Products and use of the Kicker Marks provides customers with a false assurance that the products they purchase from Everest conform with Kicker's high standards and work as intended, when in fact they are receiving non-genuine Kicker Products.

23. Everest falsely advertises the Kicker Products it offers for sale and sells on the internet to United States consumers using the Kicker Marks.

24. Specifically, Everest falsely advertises "new" Kicker Products but fulfills orders with liquidated, used, or non-genuine product of unknown origin.

25. Upon information and belief, without Kicker's authorization, Everest has engaged in the manufacture, importation, distribution, advertising, promotion, offering for sale, and sale of counterfeit products throughout the United States,

including on online retail platforms such as Walmart.com. Upon information and belief, Everest has marketed, advertised, and promoted its counterfeit products through Walmart.com.

26. On April 7, 2025, Kicker purchased a Kicker Car Audio Amplifier bearing the Kicker Mark, from Everest through its Walmart.com seller account, Best Tech Discount, as shown by this order confirmation:



27. The product was shipped from 11085 SW 11th Street in Beaverton, Oregon.

28. Upon receipt, Kicker discovered that the Kicker Car Audio Amplifier sold by Everest is a counterfeit reproduction of Kicker's Kicker Car Audio Amplifier (the "Counterfeit Product"). For example, the Counterfeit Product sold by Everest includes a counterfeit serial number, as shown below:



29. Kicker's investigation of the Counterfeit Product concluded that the product purchased from Everest was not authentic.

30. In addition to harm to consumers, the sale of non-genuine Kicker Products directly harms Kicker. When consumers purchase Kicker Products from Everest, they expect that the products they receive are new and in proper working order. Instead, their image of Kicker is diminished because they receive counterfeit, liquidated, used, or non-genuine product of unknown origin. Kicker's opportunity to sell genuine, high-quality products to those consumers may be lost forever. As a

result of Everest's conduct, Kicker suffers substantial and irreparable harm to its brand, image, business, and goodwill with the public.

31. Offering Kicker Products as "new" despite the fact that they are used, closed out, liquidated, counterfeit, or non-genuine product of unknown origin results in poor brand experiences such as the above.

32. Everest's conduct results in consumer confusion, the dilution of Kicker's goodwill and trade name, as well as lost sales and profits of actual "new" Kicker Products.

***The Likelihood of Confusion and Injury Caused by Everest's Actions***

33. Everest's actions substantially harm Kicker by placing infringing, falsely advertised Kicker Products into the stream of commerce in the United States.

34. Everest's advertisement and sale of non-genuine products bearing the Kicker Marks has caused—and is likely to continue causing—consumer confusion by representing to consumers that the Kicker Products offered for sale by Everest are "new" when they are not.

35. Everest's advertisement and sale of non-genuine products bearing the Kicker Marks has caused—and is likely to continue causing—consumer confusion and disappointment regarding Kicker's sponsorship or approval of those products creating a false designation of origin in the minds of consumers.

36. Everest's conduct results in consumer confusion as well as the dilution of Kicker's goodwill and trade name as consumers are not receiving the products they believe they are purchasing.

37. Everest's conduct as described herein results in the lessening of sales of genuine, properly advertised Kicker Products to the detriment of Kicker.

38. As a result of Everest's actions, Kicker is suffering a loss of the enormous goodwill it created in the Kicker Marks.

39. Upon information and belief, Everest continues to commit the acts complained of herein, and unless restrained and enjoined, will continue to do so, all to Kicker's irreparable harm.

## Count One
### Trademark Infringement in Violation of 15 U.S.C. § 1114

40. Kicker hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

41. This complaint brings a claim for federal trademark infringement under 15 U.S.C. § 1114.

42. Everest's acts described herein constitute the use in commerce, without Kicker's consent, of a reproduction, counterfeit, copy, or colorable imitation of the Kicker Mark in connection with the sale, offering for sale, distribution, or advertising of goods, which use is likely to cause confusion or mistake, or to deceive

consumers, and therefore infringes Kicker's rights in the Kicker Marks, all in violation of the Lanham Act.

43. Everest's infringing activities are likely to cause, are actually causing, and are willful and intended to cause, confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of such products, and constitute trademark infringement under 15 U.S.C. § 1114.

44. Everest's use of the Kicker Marks in the advertisement or sale of Kicker Products demonstrates an intentional, willful, and malicious intent to trade on the goodwill associated with the Kicker Marks, thereby causing immediate, substantial, and irreparable injury to Kicker.

45. As a direct and proximate result of Everest's actions, Kicker has been, and continues to be, damaged by Everest's activities and conduct.

46. Everest has profited thereby, and, unless their conduct is enjoined, Kicker's reputation and goodwill will continue to suffer irreparable injury that cannot adequately be calculated or compensated by money damages. Accordingly, Kicker is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

## Count Two
### Federal Trademark Counterfeiting in Violation of 15 U.S.C. § 1114

47. Kicker incorporates by reference each of the allegations in the preceding paragraphs of this Complaint as though fully set forth herein.

48. The Kicker Marks are valid, protectable trademarks that have been registered as marks on the principal register in the United States Patent and Trademark Office. Kicker is the owner and registrant of the Kicker Marks.

49. As described above, Everest has used and counterfeited the Kicker Marks in connection with the marketing, promotion, and sale of their goods and services without Kicker's consent, in a manner that is likely to cause, and has actually caused, confusion and mistake, or that has deceived members of the consuming public. Indeed, Everest's counterfeiting and infringing activities are likely to cause and are actually causing confusion, mistake and deception among the consuming public as to the origin, sponsorship, and quality of Everest's infringing products.

50. Everest has publicly advertised, sold, offered to sell, and distributed counterfeit Kicker Products in interstate commerce in direct competition with Kicker and without authorization or consent to use the Kicker marks but with full knowledge of Kicker's notorious prior rights in those marks.

51. Everest's counterfeit Kicker Products reproduce, counterfeit, copy, and colorably imitate the Kicker Marks or display a spurious designation that is identical with or substantially indistinguishable from the Kicker Marks. Everest has applied their reproductions, counterfeits, copies, and colorable imitations of the Kicker Marks on packages intended to be used in commerce upon or in connection with the

sale, offering for sale, distribution or advertising of Everest's counterfeit products, which is likely to cause confusion, to cause mistake, or to deceive.

52. Everest's unauthorized use of the Kicker Marks on or in connection with Everest's counterfeit products was conducted intentionally and with notice and full knowledge that the use was unauthorized by Kicker. Accordingly, Everest's actions constitute willful trademark infringement and counterfeiting of the Kicker Marks in violation of 15 U.S.C. § 1114 and § 1117.

53. Kicker has been, and will continue to be, damaged by Everest's infringement, including by suffering irreparable harm through the diminution of trust and goodwill among Kicker consumers. Kicker is entitled to an injunction against Everest, and an order of destruction of all infringing products, as well as all monetary relief and other remedies available under the Lanham Act, including but not limited to trebled damages and actual profits, reasonable attorneys' fees, costs, and prejudgment interest, statutory damages, and post-judgment interest.

## Count Three
### *False Advertising in Violation of 15 U.S.C. § 1125(a)*

54. Kicker hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

55. Everest has made and distributed, in interstate commerce and in this District, product listings and advertisements that contain false or misleading statements of fact regarding its products. These advertisements contain actual

misstatements and misleading statements, including regarding the authenticity, origin, and condition of these products and the positivity or feedback rating of its storefront. These false statements actually deceive, or have a tendency to deceive, a substantial segment of Kicker's customers and potential customers. This deception is material in that it is likely to influence the purchasing decisions of Kicker's customers.

56. Everest's false and misleading advertisements violate Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

57. Everest, as described above, has caused, and will continue to cause, immediate and irreparable injury to Kicker for which there is no adequate remedy at law. As such, Kicker is entitled to an injunction under 15 U.S.C. § 1116 restraining Everest, its distributors, retailers, agents, employees, representatives, and all persons acting in concert with it, from engaging in further acts of false advertising, and ordering removal of all Everest's false advertisements.

58. Everest's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the Kicker Marks, thereby causing immediate, substantial, and irreparable injury to Kicker.

59. Pursuant to 15 U.S.C. § 1117, Kicker is entitled to recover from Everest the damages sustained by Kicker as a result of Everest's acts in violation of Section 43 of the Lanham Act.

60. Pursuant to 15 U.S.C. § 1117, Kicker is also entitled to recover from Everest the gains, profits, and advantages that Everest has obtained as a result of its unlawful acts. Kicker is presently unable to ascertain the full amount of the gains, profits, and advantages Everest has obtained by reason of its unlawful acts.

61. Pursuant to 15 U.S.C. § 1117, Kicker is further entitled to recover the costs of this action. Moreover, Kicker is informed and believes that Everest's conduct was undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling Kicker to recover additional damages and reasonable attorneys' fees.

## Count Four
### *False Designation of Origin and Unfair Competition in Violation of 15 U.S.C. § 1125*

62. Kicker hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

63. This complaint brings a claim for false designation of origin and unfair competition under 15 U.S.C. § 1125(a).

64. Kicker engages in interstate activities designed to promote its goods and services sold, as well as the goodwill associated with the Kicker Marks, throughout the United States.

65. The Kicker Marks have been, and will continue to be, known throughout the United States as identifying and distinguishing Kicker's products and services.

66. By selling or distributing products using the Kicker Marks that are different from those sold by Kicker as alleged herein, Everest is engaging in unfair competition, falsely designating the origin of its goods and services, and falsely representing sponsorship by, affiliation with, or connection to Kicker and its goods and services in violation of 15 U.S.C. § 1125(a).

67. By advertising or promoting products using the Kicker Marks that are different from those sold by Kicker as alleged herein, Everest is engaging in unfair competition via false advertisement of the nature, characteristics, and qualities of its goods and services in violation of 15 U.S.C. § 1125(a).

68. Everest's continued use of the Kicker Marks constitutes the use in interstate commerce of a word, term, name, symbol, or device, or any combination thereof, or false designation of origin, in connection with the sale, or offering for sale, of goods in violation of 15 U.S.C. § 1125(a)(1)(A).

69. Everest has used, and continues to use, the Kicker Marks to sell products that are different from those sold by Kicker in the United States, thereby creating a false designation of origin in violation of 15 U.S.C. § 1125(a), and Everest's activities have caused and, unless enjoined by this Court, will continue to

cause a likelihood of confusion and public deception in the marketplace, and injury to Kicker's goodwill and reputation as symbolized by the Kicker Marks, for which Kicker has no adequate remedy at law.

70. Everest's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the Kicker Marks, thereby causing immediate, substantial, and irreparable injury to Kicker.

71. By selling and advertising products under the Kicker Marks that are different from those sold by Kicker, Everest is using the Kicker Marks in connection with the sale, offering for sale, distribution, and advertising of goods and services to the public, without Kicker's consent. Everest is falsely designating the origin of its goods and services and falsely representing sponsorship by, affiliation with, or connection to, Kicker and its goods and services in violation of 15 U.S.C. § 1125(a). Similarly, Everest is engaging in false advertising by incorrectly advertising the condition of the products as "new" when the products are instead liquidated, used, or non-genuine product of unknown origin. Accordingly, Kicker is entitled to a judgment of three times its damages and Everest's ill-gotten profits, together with reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a).

72. As a direct and proximate result of Everest's actions, Kicker has been, and continues to be, damaged by Everest's activities and conduct. Everest has profited thereby, and unless their conduct is enjoined, Kicker's reputation and

goodwill will continue to suffer irreparable injury that cannot adequately be calculated or compensated by money damages. Accordingly, Kicker is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

Wherefore, Stillwater Designs and Audio, Inc. prays for judgment in its favor and against Everest providing the following relief:

1. For an entry of judgment in favor of Kicker and against Everest on each of Kicker's claims for relief alleged in this complaint;

2. For a preliminary and permanent injunction restraining Everest, its officers, agents, servants, employees, attorneys, and any other persons or entities acting in concert or participation with Everest, including but not limited to any online platform or any other website, website host, website administrator, domain registrar, or internet service provider from:

    a. Importing, exporting, assisting in the importation or exportation, manufacturing, procuring, distributing, shipping, retailing, offering for sale, marketing, advertising, or trafficking in any products not authorized by Kicker and bearing the unauthorized simulations, reproductions, counterfeits, copies, or colorable imitations of the Kicker Marks which are likely to cause confusion, or bearing a design that is of a substantially similar appearance to the Kicker Marks listed in this complaint;

      b.    falsely advertising the condition of any Kicker Products that it can legally sell;

      c.    acquiring, or taking any steps to acquire, any Kicker Products that leads to a violation of the Lanham Act;

      d.    selling, or taking any steps to sell, any Kicker Products in violation of the Lanham Act;

      e.    engaging in any activity constituting unfair competition with Kicker; and

      f.    inducing, assisting, or abetting any other person or entity in engaging in or performing any of the business activities described in the paragraphs above.

3.    For a determination that Everest's acts of trademark infringement constitute cases of willful and exceptional infringement;

4.    Award Kicker statutory damages of $2,000,000 per counterfeit mark per each good sold, offered for sale, or distributed by Everest pursuant to 15 U.S.C. § 1117(c);

5.    Award Kicker its damages suffered as a result of Everest's acts and treble said damages as provided by law pursuant to 15 U.S.C. § 1117;

6.    Award Kicker Everest's profits as a result of Everest's acts and treble said damages as provided by law pursuant to 15 U.S.C. § 1117;

7.  Award Kicker its reasonable attorneys' fees in bringing this action as allowed by law;

8.  Award Kicker pre-judgment and post-judgment interest in the maximum amount allowed under the law;

9.  Award Kicker the costs incurred in bringing this action; and

10. Grant Kicker such other relief as this Court deems just and proper.

### *Demand for Jury Trial*

Kicker hereby requests a trial by jury on all causes of action so triable.

|  |  |
|---|---|
|  | K&L Gates LLP |
| *Of counsel:*<br>Morgan T. Nickerson<br>Sally P. Langan<br>1 Congress Street, Suite 2900<br>Boston, Massachusetts 02114<br>(617) 261-3100<br>morgan.nickerson@klgates.com | /s/  *Robert K. Beste*<br>Robert K. Beste (3931)<br>Matthew B. Goeller (6283)<br>600 North King Street, Suite 901<br>Wilmington, Delaware 19081<br>(302) 416-7000<br>robert.beste@klgates.com |
| June 13, 2025 | *Counsel for plaintiff* |